

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SERGIO CASILLAS RAMIREZ, | No. 17-73233 |
| Petitioner, | Agency No. A200-158-006 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 14, 2020**
Pasadena, California

Before: THOMAS, Chief Judge, and FERNANDEZ and W. FLETCHER, Circuit
Judges.

Petitioner Sergio Casillas Ramirez ("Ramirez") petitions for review of a

Board of Immigration Appeals ("BIA") order affirming a denial of his request for a

continuance of his removal proceedings. In its order, the BIA also declined to

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

review the government's decision to initiate removal proceedings against Ramirez, or to remand his case so that the government could further consider whether to exercise prosecutorial discretion. Ramirez petitions for review of each of those determinations. He also argues that he was deprived of due process because his notice to appear ("NTA") lacked a date and time, and that the appointment of immigration judges ("IJs") and members of the BIA violates the Appointments Clause of the U.S. Constitution.[1]

The parties are familiar with the facts and procedural history, so we need not repeat them here. We have jurisdiction under 8 U.S.C. § 1252. Where, as here, the BIA conducts "its own review of the evidence and law rather than simply adopting the immigration judge's decision," our review is "limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (internal quotation marks and citation omitted).

1. During the proceedings, the IJ incorrectly stated that Ramirez was ineligible for prosecutorial discretion. Ramirez now argues that his case should be remanded to the IJ, who should "properly rule on the record" as to whether he is entitled to prosecutorial discretion. However, we lack jurisdiction to review the

---

[1] We **GRANT** the government's motion to strike Ramirez's supplemental brief, and any arguments therein, that was filed without this court's permission [Dkt Entry No. 25]. *See* Fed. R. App. P. 28(c).

government's failure to exercise prosecutorial discretion because 8 U.S.C. § 1252(g) strips courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter." Under this provision, decisions to "adjudicate cases or to refer them to IJs for hearing are not reviewable." *Barahona-Gomez v. Reno*, 236 F.3d 1115, 1120 (9th Cir. 2001). The IJ's erroneous conclusion that Ramirez was ineligible for prosecutorial discretion does not on its own warrant remand. The government may reconsider its exercise of prosecutorial discretion at any time—"[r]emand is obviously not necessary to permit the agency to exercise discretion of this kind." *Morales de Soto v. Lynch*, 824 F.3d 822, 826 (9th Cir. 2016).

2. Ramirez next argues that the IJ abused her discretion when she denied his request for a continuance, a decision the BIA affirmed. An IJ "may grant a motion for continuance for good cause shown," 8 C.F.R. § 1003.29, and a decision to deny a continuance will not be overturned "except on a showing of clear abuse." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009) (internal quotation marks and citation omitted). The BIA abuses its discretion "when it fails to . . . show proper consideration of all factors when weighing equities and denying relief" and "when

3

it makes an error of law." *Owino v. Holder*, 771 F.3d 527, 532 (9th Cir. 2014) (internal quotation marks and citation omitted).

Ramirez argues that a continuance through the resolution of his civil rights case against San Bernardino County would have allowed him to seek a U-visa petition for a second time. *See* 8 U.S.C. § 1101(a)(15)(U)(i). However, the IJs that presided over Ramirez's case had already granted him at least five continuances, three of which were related to his initial, failed attempt to obtain the certification needed for a U-visa petition. *See id.* at § 1184(p)(1). Moreover, Ramirez had not shown he was prima-facie eligible for the U visa, again because he had not yet obtained the necessary certification. Accordingly, such relief was speculative. Under the frameworks outlined in *Owino*, 771 F.3d at 532, and *Matter of Sanchez Sosa*, 25 I. & N. Dec. 807, 812–13 (BIA 2012), the BIA did not abuse its discretion in affirming the denial of the continuance.

3. Ramirez next argues that because law enforcement arrested him without probable cause, which in turn led to the initiation of immigration proceedings against him, his NTA was invalid. Even assuming this is a challenge to the circumstances of his arrest rather than the decision to issue the NTA (for which we would lack jurisdiction to hear under 8 U.S.C. § 1252(g)), and further assuming we have authority to review its legality, Ramirez's challenge fails. Both reasonable

4

suspicion and probable cause existed to stop and/or arrest Ramirez. *See United States v. Montero-Camargo*, 208 F.3d 1122, 1129 (9th Cir. 2000) (describing the standard for reasonable suspicion); *United States v. Lopez,* 482 F.3d 1067, 1072 (9th Cir. 2007) (describing the standard for probable cause); *United States v. Buckner*, 179 F.3d 834, 837 (9th Cir. 1999) (same).

4.  Ramirez argues that he was deprived of due process because his NTA lacked a date and time for his appearance before the IJ. He claims that the stop-time rule for cancellation of removal has therefore not been triggered, allowing him to show the required ten years of continuous presence. *See* 8 U.S.C. § 1229b(b)(1)(A). Ramirez bases this argument on *Pereira v. Sessions*, 138 S. Ct. 2105, 2110 (2018), which held that a document labeled "notice to appear" that fails to specify either the time or place of the removal proceedings as required by 8 U.S.C. § 1229(a) does not trigger the stop-time rule.

Ramirez did not raise this claim before the BIA, and he raised it before us only in his reply brief. Accordingly, the argument is waived. *See Szonyi v. Whitaker*, 915 F.3d 1228, 1233 (9th Cir. 2019) ("A petitioner's failure to raise an argument before the BIA generally constitutes a failure to exhaust, thus depriving this court of jurisdiction to consider the issue."), *opinion amended on denial of reh'g sub nom. Szonyi v. Barr*, 942 F.3d 874 (9th Cir. 2019); *United States v.*

*Anderson*, 472 F.3d 662, 668 (9th Cir. 2006) ("Issues raised for the first time in an appellant's reply brief are generally deemed waived."). Assuming the argument was not waived, it nonetheless fails. Seeing as Ramirez appeared before an IJ multiple times, he was clearly served with a proper NTA at some point. Accordingly, Ramirez cannot show that he was prejudiced by the defective notice. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (holding that to prevail on a due process challenge to deportation proceedings, a petitioner "must show error *and* substantial prejudice" (emphasis added)).

In any event, there is no reason to believe that Ramirez could satisfy the demanding standard for cancellation of removal. 8 U.S.C. § 1229b(b)(1)(D) allows for cancellation of removal only if "removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The "exceptional and extremely unusual hardship" standard "constitutes a high threshold that is in keeping with Congress' intent to substantially narrow the class of aliens who would qualify for relief." *In re Gonzalez Recinas*, 23 I. & N. Dec. 467, 470 (BIA 2002). Although the record shows that Ramirez has a U.S. citizen child, it does not contain evidence of Ramirez's ability to clear the high bar for cancellation of removal. *See In re Recinas*, 23 I. & N. Dec. at 467, 471 (discussing

6

factors relevant to assessing the hardship to the respondent's children, including the "heavy burden imposed on the respondent to provide the sole financial and familial support" for her children, "the lack of any family in her native country, the children's unfamiliarity with the Spanish language, and the unavailability of an alternative means of immigrating to this country").

5. Finally, Ramirez argues that the appointments of IJs and members of the BIA do not satisfy the Appointments Clause of the U.S. Constitution, and that these individuals therefore lacked jurisdiction to order and affirm his removal. Ramirez also claims that the absence of a statutory provision permitting removal of IJs and BIA members suggests they are not sufficiently subject to removal by the President. Ramirez did not exhaust these arguments with the agency. However, 8 U.S.C. § 1252(a)(2)(D) allows courts of appeals to hear constitutional claims or questions of law raised in a petition for review. *See also Freytag v. Comm'r*, 501 U.S. 868, 878–79 (1991) (noting that "Appointments Clause objections to judicial officers" are "in the category of nonjurisdictional structural constitutional objections," and as such can "be considered on appeal whether or not they were ruled upon below").

The Appointments Clause establishes three categories of federal-agency personnel: principal officers, inferior officers, and non-officer employees. U.S.

CONST. art. II, § 2, cl. 2; see also *Silver v. U.S. Postal Serv.*, 951 F.2d 1033, 1036–37 (9th Cir. 1991) (discussing all three). "[T]he President must seek the advice and consent of the Senate to appoint principal officers." *Stanley v. Gonzales*, 476 F.3d 653, 659 (9th Cir. 2007). For inferior officers, Congress can diverge from this default and by law vest appointment in the President alone, courts, or agency heads. *Id.* "Individuals who are merely employees of the United States government do not implicate the Appointments Clause." *Silver*, 951 F.2d at 1037.

IJs and members of the BIA are inferior officers whose appointments do not offend the Constitution. They are officers rather than mere employees because they are adjudicative officials who exercise significant authority. *See Lucia v. SEC*, 138 S. Ct. 2044, 2051–55 (2018) (distinguishing officers from non-officers); *Freytag*, 501 U.S. at 881–82 (same). However, they are inferior rather than principal officers because they are subject to both judicial and managerial supervision. *See Edmond v. United States*, 520 U.S. 651, 662–66 (1997) (distinguishing principal officers from inferior officers). Their appointments do not violate the Appointments Clause because IJs and BIA members are both appointed by the Attorney General through authority granted by Congress. *See* 8 U.S.C. § 1101(b)(4) (requiring appointment of IJs by the Attorney General); 8

U.S.C. § 1103(g)(2) (granting the Attorney General power to "establish such regulations" and "review . . . administrative determinations in immigration proceedings"); 8 C.F.R. § 1003.1(a)(1) (providing that BIA "members shall be attorneys appointed by the Attorney General to act as the Attorney General's delegates in the cases that come before them").

Nor is the lack of a statutory scheme regarding the removal of BIA members and IJs unconstitutional. "[A]s a matter of statutory interpretation, . . . absent a 'specific provision to the contrary, the power of removal from office is incident to the power of appointment.'" *Carlucci v. Doe*, 488 U.S. 93, 95 (1988) (quoting *Keim v. United States*, 177 U.S. 290, 293 (1900)). Ramirez identifies no restriction on the Attorney General's ability to remove the IJs and BIA members that it is empowered to appoint. Accordingly, we do not agree with Ramirez's contention that IJs and BIA members are not sufficiently removable.

The petition is **DENIED.**