**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

FEB 23 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GUILLERMO MAGDALENO-CHAVEZ, | No. 15-73381 |
| Petitioner, | Agency No. A205-319-757 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 15, 2022**

Before:    FERNANDEZ, TASHIMA, and FRIEDLAND, Circuit Judges.

Guillermo Magdaleno-Chavez, a native and citizen of Mexico, petitions pro

se for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his request for a

continuance and his applications for cancellation of removal, asylum, withholding

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance. *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009). We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id*. at 1241. We deny in part and dismiss in part the petition for review.

The agency did not abuse its discretion in denying Magdaleno-Chavez's request for a continuance where he did not demonstrate good cause. *See* 8 C.F.R. § 1003.29; *Singh v. Holder*, 638 F.3d 1264, 1274 (9th Cir. 2011) ("[T]he IJ [is] not required to grant a continuance based on . . . speculations."); *Ahmed*, 569 F.3d at 1012 (reasonableness of the immigrant's conduct and inconvenience to the court are among the factors to be considered in determining whether the denial of a continuance constitutes an abuse of discretion). Magdaleno-Chavez does not otherwise challenge the agency's denial of his cancellation of removal claim, including the BIA's conclusion that he waived any challenge to the IJ's determination that his conviction under California Penal Code § 470(b) constituted a crime involving moral turpitude that rendered him ineligible for cancellation of removal. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013)

(issues not specifically raised and argued in a party's opening brief are waived).

Thus, we deny the petition for review as to Magdaleno-Chavez's cancellation of removal claim.

In his opening brief, Magdaleno-Chavez also does not raise any challenge to the BIA's conclusion that he waived any challenge to the IJ's denial of asylum as untimely. *See id.* Thus, we deny the petition for review as to Magdaleno-Chavez's asylum claim.

As to withholding of removal, the agency did not err in concluding that Magdaleno-Chavez did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))). To the extent Magdaleno-Chavez raises a new particular social group in his opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (court lacks jurisdiction to review issues not presented to the agency).

Substantial evidence supports the agency's determination that Magdaleno-Chavez did not otherwise establish that the harm he fears would be on account of a

protected ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Thus, Magdaleno-Chavez's withholding of removal claim fails.

Magdaleno-Chavez does not raise any challenge to the BIA's conclusion that he waived any challenge to the IJ's denial of his claim under the CAT.  *See Lopez-Vasquez*, 706 F.3d at 1079-80.  Thus, we deny the petition for review as to Magdaleno-Chavez's claim for CAT relief.

We reject as unsupported by the record Magdaleno-Chavez's contentions that the agency failed to consider evidence or otherwise erred in the analysis of his claims.

Magdaleno-Chavez's request for remand is denied.  *See Morales de Soto v. Lynch*, 824 F.3d 822, 826-27 (9th Cir. 2016) (the government's discretionary decision to prosecute is not subject to judicial review, and remand is not warranted based on changes in policy concerning the exercise of prosecutorial discretion).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

15-73381