**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| FRANCISCA MORALES DE SOTO, *Petitioner*, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, *Respondent*. | No. 09-72122 <br><br> Agency No. A086-968-871 <br><br><br> ORDER AND AMENDED OPINION |

On Petition for Review of an Order of the
Department of Homeland Security

Argued and Submitted March 9, 2016
Pasadena, California

Filed May 31, 2016
Amended August 30, 2016

Before: Richard R. Clifton and Sandra S. Ikuta, Circuit
Judges and Frederic Block,[*] Senior District Judge.

Order;
Opinion by Judge Clifton

---

[*] The Honorable Frederic Block, Senior U.S. District Judge for the
Eastern District of New York, sitting by designation.

## SUMMARY[**]

### Immigration

The panel denied Francisca Morales de Soto's petition for review of the reinstatement by the Immigration and Customs Enforcement agency of the Department of Homeland Security of a prior expedited removal order issued against her.

The panel held that nothing in the facts of Morales's case justified remand for reconsideration of the reinstated removal order. The panel held that an agency's intervening memoranda pertaining to the exercise of prosecutorial discretion that do not change the law to be applied by an appellate court do not require remand to the agency.

The panel also held that Immigration and Customs Enforcement did not abuse its discretion in reinstating removal before allowing Morales to exhaust her administrative appeals from the denial of her separate petition for consent to reapply for admission. The panel held that there is no legal requirement for the government to wait until all other administrative appeals have been exhausted before reinstating removal.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Stacy Tolchin (argued), Law Offices of Stacy Tolchin, Los Angeles, California, for Petitioner.

Lindsay M. Murphy (argued), Julia J. Tyler, Trial Attorneys; Shelley R. Goad, Assistant Director; Stuart F. Delery, Assistant Attorney General; United States Department of Justice, Office of Immigration Litigation, Civil Division, Washington D.C.; for Respondent.

**ORDER**

The opinion filed on May 31, 2016, is hereby amended as follows:

1. On page 5 of the slip opinion, in the first full paragraph, the following sentence should be added after the sentence ending with "Morales does not challenge the legitimacy of her January 2000 expedited order of removal."

> Her petition therefore does not fall afoul of the INA's jurisdictional bar against collaterally attacking expedited orders of removal. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008).

2. On page 7 of the slip opinion, in the second paragraph, the citation to *Garcia de Rincon v. Dep't of Homeland Sec.* on the fifth line of that paragraph should be changed to "*Garcia de Rincon*, 539 F.3d at 1136."

With these amendments, the panel has voted to deny the petition for panel rehearing. Judges Clifton and Ikuta have voted to deny the petition for rehearing en banc and Judge Block has so recommended.

The Petition for Rehearing En Banc has been circulated to the full court, and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petitions for panel rehearing and rehearing en banc are **DENIED**. No further petition for rehearing may be filed.

**OPINION**

CLIFTON, Circuit Judge:

Francisca Morales de Soto, a Mexican native and citizen, petitions for review of the government's reinstatement of a removal order issued in 2000. The Immigration and Customs Enforcement ("ICE") agency of the Department of Homeland Security ("DHS") first notified Morales of its intention to reinstate removal in 2009. Since that time, the government has revised its policies regarding the exercise of prosecutorial discretion in immigration proceedings. Morales asks this court to remand her case so that the agency can reconsider the exercise of its discretion in light of those changed policies. We conclude that remand of a decision to reinstate removal is not warranted in these circumstances. We also reject Morales's claim that ICE abused its discretion in reinstating removal before Morales could exhaust her appeals from a separate petition to reapply for admission to the United States. We deny the petition for review.

## I.  Background

Francisca Morales de Soto attempted to enter the United States on January 21, 2000, at the border crossing in Calexico, California. Because she lacked a legal visa, she was issued a Notice and Order of Expedited Removal and was removed back to Mexico. Later that same month, Morales reentered the United States without inspection and has resided here ever since.  She now lives with her husband and three minor children, all four of whom are U.S. citizens.

In July 2007, Morales filed an application to adjust her status to that of a lawful permanent resident based on petitions filed by her husband and her brother, who is also a U.S. citizen. She also filed a Form I-212, Application for Permission to Reapply for Admission into the United States after Deportation or Removal, and a Form I-601, Application for Waiver of Grounds of Inadmissibility. All three applications were denied because she had previously been removed and had failed to meet the requirements to obtain consent to reapply to the United States.[1] Her case was referred to ICE, which notified her on July 9, 2009, of its intention to reinstate her prior order of removal. Morales filed

---

[1] Unlawful reentry into the United States following an expedited removal order renders an alien permanently inadmissible and therefore ineligible for adjustment of status. 8 U.S.C. § 1182(a)(9)(C)(i)(II). An alien in these circumstances is only eligible to seek a waiver of inadmissiblity if she has been absent from the United States for more than ten years and has received the consent of the Secretary of Homeland Security. 8 U.S.C. § 1182(a)(9)(C)(ii); *see also Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007). Morales applied for consent to reapply for admission into the United States while she was unlawfully present within the country and was therefore ineligible for either consent to reapply or a waiver of inadmissiblity.

a petition for review by this court that same day and received a stay of removal. We now address that petition.

## II.  Jurisdiction

The Immigration and Nationality Act (INA) substantially limits this court's review of a prior order of removal that has been reinstated by the government. 8 U.S.C. § 1231(a)(5). However, we retain jurisdiction to review the reinstatement order itself under 8 U.S.C. § 1252(a)(1). *See Castro-Cortez v. I.N.S.*, 239 F.3d 1037, 1043–44 (9th Cir. 2001), *abrogated on other grounds by Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). In her petition, Morales does not challenge the legitimacy of her January 2000 expedited order of removal. Her petition therefore does not fall afoul of the INA's jurisdictional bar against collaterally attacking expedited orders of removal. *See Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008). Instead, she limits her appeal to the manner in which ICE decided to issue the reinstatement order against her. We therefore have jurisdiction over the petition.

## III.     Discussion

When an alien has unlawfully reentered the United States after being subject to a prior order of removal, the INA allows the government to reinstate the prior order of removal rather than undertake removal proceedings a second time. 8 U.S.C. § 1231(a)(5). The only factual predicates for reinstatement are that "(1) petitioner is an alien, (2) who was subject to a prior removal order, and (3) who illegally reentered the United States." *Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 495 (9th Cir. 2007) (en banc). In most cases, immigration

officers make such reinstatement decisions without a hearing before an immigration judge. *See id.* at 487–88.

There is, however, no requirement that ICE reinstate removal in all cases, even when these factual predicates are met. Reinstatement of removal is neither "automatic" nor "obligatory." *Villa-Anguiano v. Holder*, 727 F.3d 873, 878 (9th Cir. 2013). As an alternative to reinstatement, ICE has the prosecutorial discretion to initiate a new removal proceeding before an immigration judge. In this case, ICE chose not to exercise that discretion and instead reinstated Morales's prior removal order without providing for a hearing.

Morales, acknowledging that we cannot review the merits of ICE's exercise of its prosecutorial discretion, does not contest the validity of ICE's decision in 2009 to reinstate removal. She instead contends that changed circumstances since ICE initially made its decision in 2009 require us to remand her case so that ICE can reconsider the exercise of its discretion.

Morales makes two arguments. First, she contends that remand is necessary because of changes in ICE's internal policies surrounding the exercise of prosecutorial discretion. Second, she argues that the reinstatement of removal was premature and that remand is required as a remedy for that error. Neither argument has merit.

### A.   Changes in ICE prosecutorial discretion policies

Since July 2009, when ICE first notified Morales of its intention to reinstate removal, ICE has released a number of memoranda pertaining to its exercise of prosecutorial

discretion. Morales's petition focuses on two of these memoranda. The first memorandum was issued by John Morton, then the Director of ICE, in 2011. Memorandum from John Morton, Director of ICE, on Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens (June 17, 2011), (hereinafter "Morton Memo").[2] The second memorandum was issued by John Sandweg, then the Acting Director of ICE, in 2013. Memorandum from John Sandweg, Acting Director of ICE, on Facilitating Parental Interests in the Course of Civil Immigration Enforcement Activities (August 23, 2013), (hereinafter "Sandweg Memo").[3] The Morton Memo listed factors that ICE agents should consider when weighing the exercise of prosecutorial discretion, including factors relevant to Morales, such as the alien's length of presence in the United States and her family ties to the country. Morton Memo at 4–5. The Sandweg Memo focused on the treatment of alien parents of minor children, stressing the need for ICE agents to consider "whether the alien is a parent or legal guardian of a [U.S.-citizen] or [legal permanent resident] minor" when exercising prosecutorial discretion. Sandweg Memo at 3.

Morales argues that these memos constitute an intervening change in ICE policies since her removal was

---

[2] The Morton Memo is currently available at https://www.ice.gov/doclib/secure-communities/pdf/prosecutorial-discretion-memo.pdf (last checked May 17, 2016).

[3] The Sandweg Memo is currently available at https://www.ice.gov/doclib/detention-reform/pdf/parental_interest _directive_signed.pdf (last checked May 17, 2016).

reinstated, necessitating a remand under ordinary principles of administrative law. Reviewing this question of law de novo, *Garcia de Rincon*, 539 F.3d at 1136, we disagree.

To begin with, we know from experience that ICE may reconsider the exercise of its discretion regardless of whether we remand Morales's petition. Indeed, the government may reconsider its position while a petition is pending before us. In recent years our court has remanded dozens of pending petitions at the government's request. Moreover, the government represents that Morales made a specific request to DHS that discretion be exercised in her favor after the Morton Memo was issued and that the request was explicitly declined. Remand is obviously not necessary to permit the agency to exercise discretion of this kind.

There are circumstances where remand is appropriate after there has been a change in applicable agency policy. An appellate court "reviewing an agency decision following an intervening change of policy by the agency should remand to permit the agency to decide in the first instance whether giving the change retrospective effect will best effectuate the policies underlying the agency's governing act." *NLRB v. Food Store Emps. Union, Local 347*, 417 U.S. 1, 10 n.10 (1974). This requirement arises from "the intersection of two well-established doctrines." *Panhandle E. Pipeline Co. v. FERC*, 890 F.2d 435, 438 (D.C. Cir. 1989). The first is that a reviewing court must apply "the law in effect at the time it renders its decisions, even when a change in governing law is made by an administrative agency." *Id.* at 438–39 (citing *Thorpe v. Housing Auth.*, 393 U.S. 268, 281–82 (1969)). The second is that "a reviewing court may 'not supply a reasoned basis for the agency's action that the agency itself has not

given.'" *Id.* at 439 (quoting *Motor Vehicles Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

But the *Food Store* doctrine does not apply to a case, like this one, involving review of a purely discretionary decision by an agency. The Morton and Sandweg Memos speak only to the exercise of prosecutorial discretion and do not create or modify the law to be applied by this or any other court. Aside from constitutional claims or questions of law reviewable under 8 U.S.C. § 1252, we have no authority to review the merits of ICE's discretionary decision to reinstate a prior removal order in situations where the factual predicates for reinstatement are met. 8 U.S.C. § 1252(a)(2)(B). This reflects the understanding that "an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion" and is not amenable to judicial review. *Heckler v. Chaney*, 470 U.S. 821, 831 (1985).[4] As such, changes in departmental policies surrounding the factors to be considered or emphasized when exercising that discretion do not in any sense change the law to be applied by courts. There is consequently no reason nor need to remand a case to the agency following intervening changes in policy regarding the exercise of agency discretion.

---

[4] We recognize that *Heckler* involved the decision *not* to enforce agency regulations, while this case involves the contrary decision *to* enforce. *Heckler*, 470 U.S. at 851. Nonetheless, the same need for "a complicated balancing of a number of factors . . . peculiarly within [an agency's] expertise" that caution against reviewing an agency decision not to enforce, *id.* at 831, similarly counsel against involving courts in purely discretionary agency decisions where there is "no law to apply," *id.* at 830 (quoting *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 410 (1971)).

Moreover, it is unclear that the memos at issue in this case can even be properly characterized as changes in agency policy. Both memoranda specifically state that they "are not intended to, do not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." Sandweg Memo at 9; *see also* Morton Memo at 6. By contrast, the Supreme Court's decision in *Food Store* involved a change in policy announced by the National Labor Relations Board in a formal and binding adjudication. Morales has pointed to no case holding that remand is required in response to the issuing of a memo with as little legal force as the memos at issue here.[5]

Morales cites to our opinion in *Villa-Anguiano* as a case where we did vacate and remand a reinstatement order for reconsideration because of intervening circumstances. That case presented a rare situation where a federal district court had an independent reason to examine the validity of a previous removal proceeding. The government had initiated a criminal prosecution for illegal reentry based on that previous removal. In the course of that prosecution, the district court concluded that Villa-Anguiano had been deprived of his right to counsel at the removal proceeding and had been prejudiced by the resulting due process violation, and so held that the removal order was invalid as the predicate for a criminal prosecution under 8 U.S.C. § 1326.

---

[5] The decision by the Fifth Circuit in *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), currently before the Supreme Court, which upheld a preliminary injunction forbidding implementation of the Deferred Action for Parents of Americans and Lawful Permanent Residents program (DAPA), does not affect the resolution of this case. Neither party raised any argument regarding the DAPA Memo and the DAPA Memo does not concern the decision to reinstate removal.

*Villa-Anguiano*, 727 F.3d at 876. We held that when "the government itself invites judicial scrutiny of the underlying removal order by instigating a criminal prosecution under § 1326" and "as a result of such scrutiny, a district court finds constitutional infirmities in the prior removal proceedings that invalidate the prior removal for purposes of criminal prosecution," the agency must "(1) provide the alien with an opportunity *after* the criminal prosecution is dismissed to make a written or oral statement addressing the expedited reinstatement determination in light of the facts found and the legal conclusions reached in the course of the criminal case; and (2) independently reassess whether to rely on the order issued in the prior proceedings as the basis for deportation or instead to instigate full removal proceedings." *Id.* at 880. That situation is entirely distinct from the circumstances of this case. Indeed, we recognized in *Villa-Anguiano* that "the pendency of reinstatement proceedings does not provide an alien with a new avenue to challenge the underlying removal order." *Id*.

Morales has not pointed to any change at all in her circumstances since removal was reinstated in 2009, let alone a change as significant as the district court decision in *Villa-Anguiano*. Further, we emphasized in *Villa-Anguiano* that there was evidence within the administrative record that ICE had either failed to consider or had misunderstood the district court's conclusion that the prior removal order violated due process, *id.* at 877, and the government acknowledged that "had it known of the district court's findings, it quite possibly would have exercised its discretion not to pursue reinstatement" of the removal order, *id.* at 882. By contrast, there is no evidence here that ICE failed to consider any factors relevant to its discretionary decision to reinstate Morales's removal order.

Morales argues that there is no requirement that she highlight any particular fact that ICE failed to properly consider. In her view, the reinstatement order against her violated due process because it did not specifically set forth ICE's reasons for exercising its prosecutorial discretion to reinstate removal.

This argument fundamentally misunderstands the role played by courts in reviewing discretionary decisions. It is true that when reviewing ordinary agency action we have held that an agency "abuses its discretion when it fails to provide a reasoned explanation for its actions." *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005) (listing cases in the immigration context). Effective judicial review is impossible in such circumstances if the agency does not show its work. But, as we have already explained, the exercise of prosecutorial discretion is a type of government action uniquely shielded from and unsuited to judicial intervention. In the context of criminal prosecutions we have repeatedly held that we have little authority to review prosecutors' charging decisions. *See United States v. Banuelos-Rodriguez*, 215 F.3d 969, 976–77 (9th Cir. 2000) (collecting cases). We see no reason to act differently when the consequence of that discretion is removal rather than jail time. Indeed, the costs to judicial intervention in prosecutorial decisionmaking are arguably "greatly magnified in the deportation context." *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 490 (1999) (listing the dangers associated with allowing for selective prosecution claims in the context of immigration).

There are, of course, limited situations that might call for courts to consider the government's reasons for exercising prosecutorial discretion. In the context of challenging a criminal indictment, for example, where a criminal defendant

can show sufficient facts to create a reasonable likelihood that the prosecution was vindictive, the burden shifts to the government to provide "objective evidence justifying the prosecutor's action." *United States v. Jenkins*, 504 F.3d 694, 701 (9th Cir. 2007) (quoting *United States v. Goodwin*, 457 U.S. 368, 376 n.8 (1982)). In the removal context, in *Villa-Anguiano*, we vacated and remanded the reinstated removal order to allow ICE to reassess its decision to reinstate removal in circumstances where it was clear that the agency had not considered or been presented with the district court's decision invalidating the underlying removal order and might have exercised its discretion differently had it known. We acknowledged that "[o]nce ICE complies with these constitutional requirements, it may exercise its lawful discretion however it sees fit," and "need not 'reach a different result' on remand." *Villa-Anguiano*, 727 F.3d at 880 n.7. Outside of those and similar "unusual instance[s]," due process does not require that courts interrogate an agency's decision to exercise prosecutorial discretion. We decline to remand Morales's case for reconsideration.

## B.  *The timing of the reinstatement of removal*

Morales's second argument in favor of remand is that ICE erred in deciding to reinstate removal before allowing her to exhaust her appeal of DHS's denial of her I-212 application for consent to reapply for admission.

The government denied Morales's I-212 application on June 24, 2009 before reinstating removal soon afterwards on July 9. Morales then filed her administrative appeal of the denial of the I-212 waiver on July 23. Morales now concedes that as a matter of law she is not eligible for an I-212 waiver, but she nonetheless contends that the government abused its

discretion in not waiting to reinstate removal until the expiration of the period for her to appeal the I-212 denial and the exhaustion of the eventual appeal.[6] We disagree. There is no legal requirement for the government to wait until all other administrative appeals have been exhausted before reinstating removal.

Under 8 C.F.R. § 103.3(a)(2), an alien whose application for I-212 consent to reapply for admission has been denied may appeal that denial within 30 days (with an additional three days allowed for service by mail under 8 C.F.R. § 103.8(b)). If the alien were to be successful in her appeal, the receipt of an I-212 waiver would allow her to avoid application of the reinstatement provision. *Gonzales v. Dep't of Homeland Sec.*, 508 F.3d 1227, 1242 (9th Cir. 2007). But those regulations do not require the government to postpone all other agency action while waiting for the appeal, nor do they require that removal be postponed once the appeal has been filed.

Our decision in *Ahmed v. Holder*, where we held that an Immigration Judge abused her discretion in denying an alien's request for continuance of his removal proceedings pending his appeal of the denial of a visa application, is not to the contrary. *Ahmed v. Holder*, 569 F.3d 1009, 1015 (9th Cir. 2009). Unlike the petitioner in that case, Morales did not request a continuance from the agency. That case involved formal removal proceeding, not reinstatement of removal as here. And, the petitioner in *Ahmed* at least had a possibility of succeeding in his appeal. *See id.* at 1013. In this case,

---

[6] We note that the government has never officially denied Morales's appeal, although, as Morales acknowledges, it has ample legal grounds to do so.

however, Morales concedes her ineligibility for an I-212 waiver. The government did not err in reinstating removal before Morales had filed her I-212 appeal.

## IV.    Conclusion

In sum, we conclude that there is nothing in the facts of Morales's case justifying remand to ICE for it to reconsider its decision to reinstate her prior expedited removal order. Intervening agency memoranda that do not change the law to be applied by an appellate court do not require remand to the agency. Nor was ICE required to explain its reasoning when exercising its prosecutorial discretion to reinstate Morales's removal order. Finally, ICE was not required to wait until all of Morales's administrative appeals had concluded before reinstating removal. We deny the petition for review.[7]

**PETITION FOR REVIEW DENIED.**

---

[7] We grant Petitioner's unopposed motion to accept the stipulated supplemental record.