**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 11 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MIGUEL PACHECO-MIRANDA, | No.  14-70296 |
| Petitioner, | Agency No. A077-395-812 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of a Decision of the
Department of Homeland Security

Argued and Submitted July 10, 2017
Portland, Oregon

Before:  WATFORD and OWENS, Circuit Judges, and CHHABRIA,[**] District Judge.

Challenges to the reinstatement of a prior removal order come in various

forms.  They may directly attack the reinstatement decision, in which case

appellate review is limited to the factual predicates for reinstatement as defined in

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Vince Chhabria, United States District Judge for the Northern District of California, sitting by designation.

regulation. *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1137 (9th Cir. 2008); *see also* 8 C.F.R. § 241.8(a). They may collaterally attack the underlying removal order, in which case appellate review is further constrained. *See Villa-Anguiano v. Holder*, 727 F.3d 873, 877-78 (9th Cir. 2013); *Garcia de Rincon*, 539 F.3d at 1139. Or they may attack the process by which the reinstatement decision was reached. *See Morales de Soto v. Lynch*, 824 F.3d 822, 825 (9th Cir. 2016). In this third category of cases, the petitioner is not seeking a different outcome on the merits of reinstatement. He is instead seeking a revised process for evaluating the merits, in the hope that the Department of Homeland Security ("DHS") might, on remand, exercise its discretion differently – either by referring the petitioner to a formal removal hearing before an immigration judge, or by declining to institute proceedings entirely. *See, e.g.*, *Villa-Anguiano*, 727 F.3d at 878-79, 882.

Miguel Pacheco-Miranda, a Mexican national, has filed a petition for review that falls into this third category. He does not challenge the factual predicates supporting his January 29, 2014 reinstatement decision. Nor does he challenge his underlying 1998 removal order. Instead, he argues that due process required DHS to take into account the possibility that his presence in federal custody was the product of a traffic stop by a local police officer that was prolonged to investigate his immigration status – conduct so clearly contrary to Ninth Circuit precedent that

it constituted an "egregious" Fourth Amendment violation. *See, e.g.*, *Melendres v. Arpaio*, 695 F.3d 990, 1001 (9th Cir. 2012). As the theory goes, because an egregious Fourth Amendment violation would affect ordinary removal proceedings before an immigration judge, it might also alter DHS's thinking on whether to pursue reinstatement of a prior removal order, even if the three factual predicates for reinstatement – identity, prior removal, and unlawful reentry – are undisputed. For this proposition, Pacheco-Miranda invokes our decision in *Villa-Anguiano*, where we remanded a reinstatement decision on due process grounds. 727 F.3d at 881 ("Due process . . . entitles an unlawfully present alien to consideration of issues relevant to the exercise of an immigration officer's discretion.").

Pacheco-Miranda appears to be right on at least one point. Based on the admittedly limited record before us, it appears Pacheco-Miranda came into the custody of federal immigration officials through the unconstitutional conduct of an officer of the Sidney Police Department. The apparent Fourth Amendment violation may also have been "egregious" as this Court has defined that term. *See Orhorhaghe v. I.N.S.*, 38 F.3d 488, 493 (9th Cir. 1994). And DHS officials may even have aided in the constitutional violation. However, even assuming an egregious Fourth Amendment violation, *Villa-Anguiano* does not require a remand in this case.

In *Villa-Anguiano*, DHS failed to account for a district court decision calling

3

into question the validity of the petitioner's underlying removal order. *Villa-Anguiano*, 727 F.3d at 876-77. That error prevented DHS from evaluating the factual predicates for removal with an accurate understanding of the relevant evidence, and deprived the petitioner of a meaningful opportunity to make a statement on his behalf. *Id.* at 880-81. We therefore concluded that remand was necessary to give full effect to the regulation governing reinstatement. *Id.* at 881 ("For the requirements of [the reinstatement regulation] to function as the requisite 'procedural safeguards' of the alien's right to due process in the context of streamlined proceedings, they must apply at the relevant time." (citation omitted)); *see also Ponta-Garcia v. Attorney Gen. of U.S.*, 557 F.3d 158, 165 (3d Cir. 2009).

This case does not present a similar problem. Pacheco-Miranda has not connected the apparent Fourth Amendment violation to the decision to reinstate except in the most atmospheric sense. He does not claim that the Fourth Amendment violation calls into question any of the factual predicates for reinstatement.[1] He does not claim that the Fourth Amendment violation somehow denied him an opportunity to make a statement on his behalf. And although his opening brief draws an extended analogy to the use of the exclusionary rule in ordinary removal proceedings, he does not seek to exclude evidence of his

---

[1] The government conceded at oral argument that a Fourth Amendment violation calling into question a factual predicate for reinstatement would require a different result.

4

statements to DHS.  *See also United States v. Ortiz-Hernandez*, 427 F.3d 567, 577 (9th Cir. 2005).  Nothing about Pacheco-Miranda's Fourth Amendment violation bears on the reinstatement process that this Court has already declared constitutionally sufficient on its face.  *See Morales-Izquierdo v. Gonzales*, 486 F.3d 484, 496 (9th Cir. 2007) (en banc).  Due process therefore does not require a remand.[2]  Pacheco-Miranda may well be able to invoke the alleged Fourth Amendment violation in a section 1983 action against the officers responsible for violating his constitutional rights.  But he may not invoke it to obtain reconsideration of the reinstatement decision.

**PETITION FOR REVIEW DENIED.**

---

[2] That DHS has issued guidance that may call for the exercise of prosecutorial discretion in cases such as this does not affect the analysis.  DHS's guidance does not create substantive rights.  *James v. U.S. Parole Comm'n*, 159 F.3d 1200, 1206 (9th Cir. 1998).  And while it is unclear what value the government sees in reinstating removal against a man with three U.S.-citizen children, no criminal record (notwithstanding his illegal reentry), and a possible path to adjustment of status, this Court lacks jurisdiction to review DHS's decision to initiate reinstatement proceedings in lieu of some lesser alternative.  8 U.S.C. § 1252(g).