NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ARMANDO HERNANDEZ VILLALBA, AKA Amando Hernandez, | No. 15-73711 |
| Petitioner, | Agency No. A205-714-205 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Armando Hernandez Villalba, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judges' decision denying his application for withholding of

removal and relief under the Convention Against Torture ("CAT"), and denying

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

his request for administrative closure. We have jurisdiction under 8 U.S.C § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny the petition for review.

Substantial evidence supports the agency's determination that Hernandez Villalba did not establish nexus between the harm he fears in Mexico and a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the agency's denial of CAT relief because Hernandez Villalba failed to show it is more likely than not he would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We reject as unsupported by the record Hernandez Villalba's contentions that the agency ignored arguments or otherwise erred in analyzing his withholding of removal and CAT claims.

In his opening brief, Hernandez Villalba does not raise, and has therefore waived, any challenge to the agency's denial of administrative closure. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013) (issues not specifically raised and argued in a party's opening brief are waived).

To the extent Hernandez Villalba separately requests remand to seek

prosecutorial discretion, the request is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822, 828-29 (9th Cir. 2016) (declining to remand for petitioner to seek prosecutorial discretion).

Hernandez Villalba's request, raised at Docket Entry No. 32, for remand or termination of proceedings, is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (rejecting contention that lack of hearing information in notice to appear deprived immigration court of jurisdiction).

The temporary stay of removal remains in place until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**