**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RAFAEL MARTINEZ LARA,<br><br>Petitioner,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | Nos. 17-72452<br>18-71713<br>19-71067<br><br>Agency No. A075-477-110<br><br>MEMORANDUM[*] |

On Petitions for Review of an Order of the
Department of Homeland Security and
Orders of the Board of Immigration Appeals

Submitted February 17, 2023[**]
Pasadena, California

Before:      TASHIMA, HURWITZ, and BADE, Circuit Judges.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously finds this case suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2)(C).

Rafael Martinez Lara, a native and citizen of Mexico, petitions for review of the Department of Homeland Security's ("DHS") August 30, 2017, order reinstating his February 6, 1998, removal order (petition No. 17-72452); the Board of Immigration Appeals' ("BIA") order denying his motion to reopen removal proceedings (petition No. 18-71713); and the BIA's order denying his motion to reconsider the denial of his motion to reopen (petition No. 19-71067). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of motions to reopen or reconsider. *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir. 2005). We deny the petitions for review.

1.      As to petition No. 17-72452, because Martinez Lara does not challenge DHS's compliance with the reinstatement regulations, 8 C.F.R. § 241.8, or assert a gross miscarriage of justice in the underlying removal order, which are the only bases for judicial review of a reinstatement order, *see Morales de Soto v. Lynch*, 824 F.3d 822, 825 (9th Cir. 2016); *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1138 (9th Cir. 2008), this issue is waived, *see Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079–80 (9th Cir. 2013) (recognizing that issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review.

2.      As to petition Nos. 18-71713 and 19-71067, the BIA lacked

jurisdiction to reopen Martinez Lara's removal proceeding after reinstatement of the underlying removal order. *See* 8 U.S.C. § 1231(a)(5); *Cuenca v. Barr*, 956 F.3d 1079, 1088 (9th Cir. 2020). Accordingly, we deny the petitions for review because the BIA lacked jurisdiction to reopen, and we need not address the bases of the BIA's decisions. *See Gutierrez-Zavala v. Garland*, 32 F.4th 806, 811 (9th Cir. 2022) ("When the BIA denies a motion to reopen a reinstated removal order on grounds other than a lack of jurisdiction, we may deny a petition challenging that ruling based on the BIA's lack of jurisdiction under 8 U.S.C. § 1231(a)(5)."); *see also Bravo-Bravo v. Garland*, 54 F.4th 634, 638 (9th Cir. 2022).

**3.** Martinez Lara, based on his alleged mistreatment while in the custody of Immigration and Customs Enforcement, also raises a *Bivens*-type[1] claim for asserted violation of his civil rights. This, however, is neither the proper proceeding nor the proper forum in which to make such claims in the first instance.

The temporary stay of removal remains in place until the mandates issue.

**No. 17-72452:**  **PETITION FOR REVIEW DENIED.**

**No. 18-71713:**  **PETITION FOR REVIEW DENIED.**

**No. 19-71067:**  **PETITION FOR REVIEW DENIED.**

---

[1] *See Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).