NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 9 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| INMER ANIBAL RAMOS-PAIZ; et al., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1153 <br><br> Agency Nos. <br> A208-176-331 <br> A208-176-333 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 18, 2023[**]

Before:      SCHROEDER, RAWLINSON, and BADE, Circuit Judges.

Inmer Anibal Ramos-Paiz[1] and his son, natives and citizens of

Guatemala, petition pro se for review of the Board of Immigration Appeals'

("BIA") order dismissing their appeal from an immigration judge's ("IJ's")

decision denying their application for asylum, and denying Ramos-Paiz's

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[1]      The clerk will amend the docket to change petitioner's name to Inmer Anibal Ramos-Paiz, in accordance with the agency decision, filed at Docket Entry No. 9.

application for withholding of removal.  We have jurisdiction under 8 U.S.C.

§ 1252.  We review for substantial evidence the agency's factual findings.

*Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020).  We deny the

petition for review.

Substantial evidence supports the agency's determination that petitioners

failed to establish they were or would be persecuted on account of a protected

ground.  *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an

applicant's "desire to be free from harassment by criminals motivated by theft

or random violence by gang members bears no nexus to a protected ground").

Thus, petitioners' asylum claim fails.  Because Ramos-Paiz failed to establish

any nexus at all, he also failed to satisfy the standard for withholding of

removal.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017).

We do not address petitioners' contentions as to harm rising to the level

of persecution because the BIA did not deny relief on these grounds.  *See*

*Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing

the decision of the BIA, we consider only the grounds relied upon by that

agency." (citation and internal quotation marks omitted)).

Ramos-Paiz did not argue before the BIA that the IJ violated due process,

and as such, he did not exhaust the contention and we decline to address

it.  *See* 8 U.S.C. § 1252(d)(1) (exhaustion of administrative remedies

required); *see also Santos-Zacaria v. Garland*, 143 S. Ct. 1103, 1113-14 (2023)

(section 1252(d)(1) is a non-jurisdictional claim-processing rule).  Petitioners'

claim that the BIA violated due process by failing to provide a reasoned opinion is unsupported by the record.

Petitioners' request for remand to seek prosecutorial discretion is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822, 826-27 (9th Cir. 2016) (government's exercise of prosecutorial discretion not subject to judicial review, and remand not warranted based on changes in policy).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**