NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ALEJANDRO ESTRADA-MENDOZA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.   19-72878

Agency No. A075-204-333

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2022[**]
Submission Withdrawn February 11, 2022
Resubmitted August 2, 2023
Phoenix, Arizona

Before: MURGUIA, Chief Judge, GRABER, Circuit Judge, and L. BURNS,[***] District Judge.

Petitioner Alejandro Estrada-Mendoza is a native and citizen of Mexico who

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***]     The Honorable Larry A. Burns, United States District Judge for the Southern District of California, sitting by designation.

first entered the United States unlawfully in 1989. In 1997, he was deported after an immigration judge ("IJ") found him removable, and Petitioner waived his right to appeal. Just a few weeks later, he reentered without permission or inspection. In July 1999, Petitioner was apprehended, and his 1997 removal order was reinstated. In November 1999, he was convicted of illegal reentry in violation of 8 U.S.C. § 1326. After serving a few months in prison, Petitioner was removed to Mexico again pursuant to the reinstated 1997 removal order. Once again, he reentered without valid immigration documents allowing him to be present in the United States. In 2018, following Petitioner's arrest for driving under the influence, United States Immigration and Customs Enforcement ("ICE") took him into custody. The Department of Homeland Security reinstated the previous removal order pursuant to 8 U.S.C. § 1231(a)(5).

Petitioner did not appeal, but instead filed two separate motions in 2019. First, he moved to reopen his 1997 removal proceedings, alleging that ineffective assistance of counsel had foreclosed available avenues of voluntary departure and cancellation of removal. An IJ denied the motion to reopen, ruling that he lacked jurisdiction because of the bar contained in § 1231(a)(5), and the Board of Immigration Appeals ("BIA") agreed. Second, Petitioner moved to reopen and rescind the 2018 reinstatement of the 1997 removal order. ICE denied this request, explaining that "the totality of the circumstances do[es] not support a favorable

2

exercise of discretionary authority[.]" Petitioner timely sought review of both the BIA's and ICE's decisions in this court.

1. Our review of the BIA's denial of a motion to reopen "is limited to determining whether the BIA erred in concluding that the IJ lacked jurisdiction." Bravo-Bravo v. Garland, 54 F.4th 634, 640 (9th Cir. 2022). Reviewing this legal question de novo, Miller v. Sessions, 889 F.3d 998, 1001 (9th Cir. 2018), we agree with the BIA and deny this part of the petition for review. Petitioner argues that the BIA had authority to review his motion to reopen because he suffered a gross miscarriage of justice in the initial removal proceeding. Bravo-Bravo forecloses that argument; such a collateral attack may be raised "only in a petition for review of a reinstatement proceeding or order." 54 F.4th at 640 (citing Cuenca v. Barr, 956 F.3d 1079, 1087 (9th Cir. 2020)). We reject Petitioner's argument that recent Supreme Court decisions, such as Santos-Zacaria v. Garland, 598 U.S. 411 (2023), affect the outcome. Those decisions applied longstanding rules that distinguish between claim-processing rules and jurisdictional ones to statutes not applicable here. None of the decisions that Petitioner cites is "clearly irreconcilable" with Bravo-Bravo. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc).

2. Petitioner separately argues that ICE improperly denied his motion to reopen and rescind the 2018 reinstatement order. ICE's denial of Petitioner's motion was an exercise of its prosecutorial discretion. Morales de Soto v. Lynch,

3

824 F.3d 822, 825 (9th Cir. 2016). Accordingly, we lack jurisdiction and dismiss this part of the petition for review. See Heckler v. Chaney, 470 U.S. 821, 831 (1985) (holding that an agency's decision whether to prosecute or enforce is "generally committed to an agency's absolute discretion"); see also Morales de Soto, 824 F.3d at 827 (holding courts lack authority to review the merits of ICE's discretionary decision to reinstate a prior removal order when the factual predicates for reinstatement are met (citing 8 U.S.C. § 1252(a)(2)(B)).

**PETITION DENIED IN PART and DISMISSED IN PART.**