**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

JAN 29 2025

FOR THE NINTH CIRCUIT

LORENA ELIZABETH ORTEGA-GONZALEZ; et al.,

Petitioners,

v.

JAMES R. MCHENRY III, Acting Attorney General,

Respondent.

No. 23-2327

Agency Nos.
A209-297-711
A209-297-707
A209-297-710

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 22, 2025[**]

Before:    CLIFTON, CALLAHAN, and BENNETT, Circuit Judges.

Lorena Elizabeth Ortega-Gonzalez and her children, natives and citizens of

El Salvador, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's decision denying their

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

application for asylum and Ortega-Gonzalez's application for withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Santos-Ponce v. Wilkinson*, 987 F.3d 886, 890-91 (9th Cir. 2021) (gang persecution claim rejected where record lacked evidence that family member was killed for familial relationship and other members remained in the country unharmed); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Because Ortega-Gonzalez failed to establish any nexus at all, she also failed to satisfy the standard for withholding of removal. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359-60 (9th Cir. 2017). Thus, petitioners' asylum claim, including their humanitarian asylum claim, and Ortega-Gonzalez's withholding of removal claim fail.

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues

23-2327

unnecessary to the results they reach).

Petitioners' request for termination or remand for prosecutorial discretion is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822, 826-27 (9th Cir. 2016) (government's exercise of prosecutorial discretion not subject to judicial review, and remand not warranted based on changes in policy).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**