NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SILVIA ARACELY VENTURA; et al., | No. 24-4176 |
| Petitioners, | Agency Nos.<br>A208-576-240<br>A208-576-241 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 21, 2025**

Before:     SILVERMAN, LEE, and VANDYKE, Circuit Judges.

Silvia Aracely Ventura and her son, natives and citizens of El Salvador,

petition pro se for review of an order of the Board of Immigration Appeals ("BIA")

affirming without opinion an immigration judge's ("IJ") decision denying their

applications for asylum, withholding of removal, and protection under the

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

We do not disturb the agency's determination that petitioners failed to show they suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard).

Substantial evidence supports the agency's conclusion that petitioners failed to show a reasonable possibility of future persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (possibility of future persecution was "too speculative").

In light of this disposition, we need not reach petitioners' remaining contentions regarding the merits of their claims. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (courts and agencies are not required to decide issues unnecessary to the results they reach).

Because petitioners failed to show eligibility for asylum, petitioners failed to satisfy the standard for withholding of removal. *See Villegas Sanchez v. Garland*, 990 F.3d 1173, 1183 (9th Cir. 2021). Thus, petitioners' asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if they returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Petitioners' request for remand for prosecutorial discretion is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822 826-27 (9th Cir. 2016) (government's exercise of prosecutorial discretion not subject to judicial review, and remand not warranted based on changes in policy).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**