NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIK PALACIOS-BARRON, | No. 22-562 |
| Petitioner, | Agency No. A208-967-432 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2025**

Before:     SILVERMAN, TALLMAN, and BUMATAY, Circuit Judges.

Erik Palacios-Barron, a native and citizen of Mexico, petitions pro se for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's decision denying his application for cancellation of

removal. We have jurisdiction under 8 U.S.C. § 1252. We review de novo claims

---

*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

of due process violations. *Olea-Serefina v. Garland*, 34 F.4th 856, 866 (9th Cir. 2022). We deny the petition for review.

Palacios-Barron does not challenge the agency's determination that he did not establish the requisite hardship for cancellation of removal, so we do not address it. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

We reject as unsupported by the record Palacios-Barron's contention that the BIA did not provide a reasoned opinion.

Palacios-Barron's request for remand so that the agency may consider prosecutorial discretion is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822 826-27 (9th Cir. 2016) (government's exercise of prosecutorial discretion not subject to judicial review, and remand not warranted based on changes in policy).

Palacios-Barron's claim that the agency violated due process by failing to advise of his apparent eligibility for post-conclusion voluntary departure fails for lack of prejudice. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000) ("prejudice … means that the outcome of the proceeding may have been affected by the alleged violation.")

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**