NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 2 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR BERNARDO REVOLORIO-VALDEZ, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 22-1146 <br><br> Agency No. <br> A205-388-103 <br><br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 17, 2025**

Before:     PAEZ, CHRISTEN, and KOH, Circuit Judges.

Salvador Bernardo Revolorio-Valdez, a native and citizen of Guatemala,

petitions pro se for review of the Board of Immigration Appeals' order dismissing

his appeal from an immigration judge's ("IJ") decision denying his applications for

cancellation of removal, asylum, withholding of removal, and protection under the

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Arrey v. Barr*, 916 F.3d 1149, 1157 (9th Cir. 2019), and whether the agency erred in applying the exceptional and extremely unusual hardship standard to a given set of facts, *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1003 (9th Cir. 2025). We review de novo questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petition for review.

As to cancellation of removal, substantial evidence supports the agency's determination that Revolorio-Valdez has not shown exceptional and extremely unusual hardship to qualifying relatives. *See Gonzalez-Juarez*, 137 F.4th at 1006 (petitioner must show hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the country" (citation and internal quotation marks omitted)).

As to asylum, the agency did not err in concluding that Revolorio-Valdez failed to show changed or extraordinary circumstances to excuse the untimely filing of his application. *See*, *e.g.*, *Alquijay v. Garland*, 40 F.4th 1099, 1100 (9th Cir. 2022) (petitioner's circumstances, including ignorance of the law and young age at time of arrival, were not extraordinary); 8 C.F.R. § 1208.4(a)(4)-(5) (examples of changed and extraordinary circumstances).

As to withholding of removal, we do not disturb the agency's determination that Revolorio-Valdez failed to show he suffered harm that rose to the level of persecution. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 869 n.6 (9th Cir. 2003) (unspecified threats were insufficient to rise to the level of persecution); *see also Flores Molina v. Garland*, 37 F.4th 626, 633 n.2 (9th Cir. 2022) (court need not resolve whether de novo or substantial evidence review applies, where result would be the same under either standard). Substantial evidence supports the agency's conclusion that Revolorio-Valdez failed to show a clear probability of future persecution. *See*, *e.g.*, *Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) (feared persecution "too speculative" to support asylum claim).

As to CAT protection, substantial evidence supports the agency's determination that Revolorio-Valdez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Guatemala. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

Revolorio-Valdez's request for remand for the agency to consider prosecutorial discretion is denied. *See Morales de Soto v. Lynch*, 824 F.3d 822, 826-27 (9th Cir. 2016) (government's exercise of prosecutorial discretion not subject to judicial review, and remand not warranted based on changes in policy).

Revolorio-Valdez does not challenge the agency's determinations that the immigration court properly exercised jurisdiction over his case, that the IJ did not

violate due process or improperly weigh discretionary factors, and that Revolorio-Valdez did not show eligibility for humanitarian asylum, so we do not address them. *See Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1079-80 (9th Cir. 2013).

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED.**