NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 17 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LANDER DENILSON RODRIGUEZ AGUILAR,<br><br>    Petitioner,<br><br> v.<br><br>PAMELA BONDI, Attorney General,<br><br>    Respondent. | No. 21-521<br><br>Agency No.<br>A209-247-999<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 30, 2026[**]

Before: GOULD, BENNETT, and SUNG, Circuit Judges.

Lander Rodriguez Aguilar ("Rodriguez Aguilar"), a native and citizen of

Guatemala, petitions for review of an order of the Board of Immigration Appeals

("BIA") upholding an Immigration Judge's ("IJ") decision denying his application

for asylum, withholding of removal, and protection under the Convention Against

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (citing *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018)). We review the denial of an application for asylum and withholding of removal for substantial evidence. *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021). We also review the denial of CAT relief for substantial evidence. *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 703 (9th Cir. 2022) (as amended). The substantial evidence standard is deferential, allowing reversal only when "any reasonable adjudicator would be *compelled* to conclude to the contrary." *Id.* (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1185 (9th Cir. 2006) (emphasis added)).

2. Substantial evidence supports the agency's denial of asylum and withholding of removal. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Sharma*, 9 F.4th at 1059 (internal quotation marks and citations omitted). The agency properly rejected Rodriguez Aguilar's proposed particular social group ("PSG") of "young Guatemalan male[s] who declined forced recruitment by a criminal street gang" as not cognizable because it lacks particularity

and social distinction. *See, e.g.*, *Barrios v. Holder*, 581 F.3d 849, 854–55 (9th Cir. 2009) (as amended) (rejecting "young men in Guatemala who resist gang recruitment" as a cognizable PSG), *abrogated in part on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–43 (9th Cir. 2020) (rejecting "people who report the criminal activity of gangs to police" in Guatemala as a socially-distinct PSG); *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200 n.7 (9th Cir. 2023) ("[T]his Court has previously rejected similar proposed social groups…."). Because his proposed PSG is not cognizable, the agency properly concluded that Rodriguez Aguilar did not show a nexus between the harm he suffered from Mara 18 gang members and any statutorily protected ground. *See* 8 U.S.C. § 1231(b)(3)(A).

3.      Substantial evidence also supports the agency's denial of CAT relief. Rodriguez Aguilar testified that he did not contact the police, and, although his father contacted the police about gang violence, general police ineffectiveness is not sufficient to establish that the government "acquiesces" in torture under CAT. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (as amended) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").[1]

---

[1] We decline to reach Rodriguez Aguilar's argument that he is entitled to a favorable exercise of prosecutorial discretion because we have consistently held that prosecutorial discretion decisions are not subject to judicial review. *See Morales de*

**PETITION DENIED.**[2]

---

*Soto v. Lynch*, 824 F.3d 822, 828 (9th Cir. 2016) ("[T]he exercise of prosecutorial discretion is a type of government action uniquely shielded from and unsuited to judicial intervention."); *see also* 8 U.S.C. § 1252(g).

[2] The temporary administrative stay of removal is lifted and the motion for stay of removal is denied. *See* Dkt. 5.

21-521