NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 4 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

WENDY LORENA CHILEL FUENTES,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 24-5570

Agency No.
A203-816-505

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 2, 2026[**]

Before: CLIFTON, FRIEDLAND, and BENNETT, Circuit Judges.

Petitioner Wendy Lorena Chilel Fuentes is a native and citizen of

Guatemala. Chilel Fuentes seeks review of a decision by the Board of Immigration

Appeals ("BIA") affirming the denial by an immigration judge ("IJ") of her

application for asylum, withholding of removal, and protection under the

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"), as well as the denial of her request for a remand for the exercise of prosecutorial discretion. We have jurisdiction under 8 U.S.C. § 1252. We deny the petition in part and dismiss it in part.

Where, as here, the BIA "agree[s] with several of the immigration judge's findings while adding its own reasoning," we review "the decisions of both the BIA and the immigration judge to the extent that the BIA agreed with the immigration judge's conclusions." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022). "We review denials of asylum, withholding of removal, and CAT relief for substantial evidence and will uphold a denial supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Guo v. Sessions*, 897 F.3d 1208, 1212 (9th Cir. 2018) (citation modified). We review legal questions and our jurisdiction de novo. *Id.*; *Taslimi v. Holder*, 590 F.3d 981, 984 (9th Cir. 2010).

1. Substantial evidence supports the agency's conclusion that Chilel Fuentes failed to establish that the government was unwilling or unable to protect her from harm, which is dispositive of both her asylum and withholding of removal claims. *See Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). Much of Chilel Fuentes's opening brief focuses on the nexus between her persecution and her protected characteristics. But even assuming Chilel Fuentes established the other elements of her asylum and withholding claims, Chilel Fuentes's failure to

show that the record compels the conclusion that the government was unwilling or unable to protect her defeats both of those claims.

The IJ found that Chilel Fuentes obtained a restraining order against her abusive partner, and although the order did not entirely deter the partner from coming to her house, the police responded each time she called to report his presence. Her partner usually escaped before the police arrived, but the police detained him in one instance. Chilel Fuentes obtained a second restraining order after the first one expired, but she left the country several days later. That evidence of police action, combined with country conditions evidence showing that "authorities in Guatemala do investigate and prosecute crime" in general, is sufficient to support the agency's conclusion. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1154 (9th Cir. 2005) (upholding the agency's determination that the government was not unwilling or unable to protect the petitioner where there was some evidence of police action).

2. Substantial evidence also supports the BIA's conclusion that Chilel Fuentes is not eligible for relief under CAT. Chilel Fuentes failed to establish that any harm she might suffer would be "with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). To be sure, Guatemalan law enforcement was not completely effective at preventing harm to Chilel Fuentes, but "a general

ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence" for purposes of CAT. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016).

3. We lack jurisdiction to review Chilel Fuentes's claim that the BIA erred by declining to remand "so that she may have her case considered for prosecutorial discretion" under new Department of Homeland Security ("DHS") prosecutorial guidelines. Under 8 U.S.C. § 1252(g), "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under [the Immigration and Nationality Act]." *See Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999) ("Section 1252(g) was directed against a particular evil: attempts to impose judicial constraints upon prosecutorial discretion."); *Morales de Soto v. Lynch*, 824 F.3d 822, 826–29 (9th Cir. 2016) (declining to remand in light of DHS's intervening prosecutorial guidelines because "the exercise of prosecutorial discretion is a type of government action uniquely shielded from and unsuited to judicial intervention").

Petition **DENIED in part; DISMISSED in part.**[1]

---

[1] The temporary administrative stay of removal is lifted and the motion to stay removal, Dkt. No. 2, is denied.

24-5570