**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1212

MARIA SANTOS PINEDA-PEREZ,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 18, 2023                Decided: September 7, 2023

Before QUATTLEBAUM and RUSHING, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

**ON BRIEF:** W. Steven Smitson, Esq., SMITSON LAW LLC, Columbia, Maryland, for Petitioner. Brian Boynton, Principal Deputy Assistant Attorney General, Brianne Whelan Cohen, Senior Litigation Counsel, Christina R. Zeidan, Trial Attorney, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Maria Santos Pineda-Perez, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing her appeal from the Immigration Judge's (IJ) decision denying her applications for asylum and withholding of removal.[1]  The Board affirmed the IJ's denial of Pineda-Perez's asylum and withholding of removal applications on two independent grounds: (1) Pineda-Perez had not proven a nexus between any past persecution or feared future persecution and a protected ground, and (2) Pineda-Perez had not established that the Salvadoran government would be unwilling or unable to protect her from harm.

Before us, Pineda-Perez argues for the first time that the immigration court lacked jurisdiction because the notice to appear served on her did not state the date and time of her removal hearing.  Pineda-Perez also contends that the Board's nexus ruling was wrong and that she was not required to establish that the Salvadoran government would be unwilling or unable to protect her from harm.  Finally, Pineda-Perez asks us to remand with instructions for the Department of Homeland Security (DHS) to reconsider its prior denial of her request for prosecutorial discretion.  For the reasons explained below, we dismiss in part and deny in part the petition for review.

---

[1] The Board also affirmed the IJ's denial of Pineda-Perez's application for protection under the Convention Against Torture and denied her motion for administrative closure.  Pineda-Perez's opening brief does not challenge those aspects of the Board's decision, and she has thus forfeited appellate review thereof.  *See Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

Pineda-Perez first argues that the immigration court lacked jurisdiction because her notice to appear did not specify the date and time of her removal hearing. As we have explained, however, a "Notice to Appear's failure to include the date or time of the hearing does not implicate the immigration court's jurisdiction or adjudicative authority." *Perez Vasquez v. Garland*, 4 F.4th 213, 220 (4th Cir. 2021)

Pineda-Perez next contends that the Board erred in affirming the IJ's denial of her applications for asylum and withholding of removal. She maintains that she suffered past persecution on account of a protected ground. And she insists that she could be granted asylum and withholding of removal without establishing that the Salvadoran government would be unwilling or unable to protect her from harm.

Our discussion on this topic begins and ends with Pineda-Perez's latter argument, which is simply wrong on the law. Because Pineda-Perez's applications for asylum and withholding of removal were based on claims of persecution by private actors, she was obligated to show that the Salvadoran government would be unable or unwilling to control those private actors. *See Sorto-Guzman v. Garland*, 42 F.4th 443, 448 (4th Cir. 2022); *Portillo Flores*, 3 F.4th at 626. The Board determined that Pineda-Perez had not made the requisite showing because the police in El Salvador had adequately responded to a prior complaint that Pineda-Perez filed. Because Pineda-Perez fails to challenge that determination in her opening brief, we conclude that she has forfeited appellate review thereof. *See Grayson O Co.*, 856 F.3d at 316. And because the Board's determination in that respect is dispositive of Pineda-Perez's asylum and withholding of removal applications, we deny the petition for review as to those applications.

3

Finally, Pineda-Perez asks us to remand for DHS to reconsider its denial of her request for prosecutorial discretion. But we lack jurisdiction to review DHS's exercise of prosecutorial discretion. *See* 8 U.S.C. § 1252(g); *Veloz–Luvevano v. Lynch*, 799 F.3d 1308, 1315 (10th Cir. 2015); *Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012). And granting Pineda-Perez's request for remand—particularly when DHS has not expressed that it is willing to reconsider its position on prosecutorial discretion—would contravene § 1252(g)'s jurisdictional bar. We therefore dismiss the petition for review as to Pineda-Perez's request for a remand related to prosecutorial discretion.[2]

Accordingly, we dismiss in part and deny in part the petition for review. We also deny Pineda-Perez's motion to remand based on evidence that she did not present during the proceedings before the IJ and the Board. *See* 8 U.S.C. § 1252(b)(4)(A); *Lendo v. Gonzales*, 493 F.3d 439, 443 n.3 (4th Cir. 2007). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART*
*AND DENIED IN PART*

---

[2] We also observe that, because DHS may reconsider its exercise of prosecutorial discretion at any time, we need not remand to allow DHS to do so. *See Morales de Soto v. Lynch*, 824 F.3d 822, 826 (9th Cir. 2016).